UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| EVARISTO HERRERA, et al., | Case No. 2:12-cv-01938-MMD-CWH |
| Plaintiffs, | ORDER |
| v. | (Plaintiffs' Motion to Amend or Correct Complaint – dkt. no. 15) |
| HECTOR D. JACINTO, et al., | |
| Defendants. | |

**I.   SUMMARY**

Before the Court is Plaintiffs' Motion to Amend or Correct the Complaint. (Dkt. no. 15.) For the reasons stated below, the Court grants the Motion.

**II.   BACKGROUND**

On November 8, 2010, Plaintiffs Evaristo Herrera, Ramon Herrera, and Rafael Valazquez-Hernandez were passengers in a Nissan Armada traveling southbound on Interstate 15 in Las Vegas, Nevada. Defendant Hector Jacinto was also traveling southbound on I-15 in a 2005 Freightliner cargo truck owned by Unified LTD, Corp., d/b/a Pan American Banana. Jacinto's truck struck Plaintiffs' vehicle, and allegedly caused Plaintiffs significant injuries as a result of the accident.

Plaintiffs filed their Complaint in the Eighth Judicial District for Clark County, Nevada on August 21, 2012, naming Jacinto and Pan American Banana ("PAB") as Defendants. (Dkt. no. 1-1.) Defendants removed the case to this Court on November

9, 2012. (Dkt. no. 1.)  Plaintiffs now seek leave to amend their Complaint in order to add Unified LTD. Corp. ("Unified") as a Defendant.[1]  (Dkt. no. 15.)

## III.   MOTION TO AMEND

### A.   Legal Standard

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its complaint only by leave of the court once responsive pleadings have been filed and in the absence of the adverse party's written consent. *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001). The court has discretion to grant leave and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (*quoting* Fed. R. Civ. P. 15(a)).  Nonetheless, courts may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile.  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In exercising its discretion, "a court must be guided by the underlying purpose of Rule 15 — to facilitate a decision on the merits rather than on the pleadings or technicalities." *DCD Program, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (*quoting United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  The party opposing the amendment bears the burden of showing prejudice.  *Id.* at 187.

### B.   Timeliness

The Court notes that Plaintiffs filed this Motion on February 15, 2013, while the Scheduling Order set the deadline for motions to amend the pleadings and add parties for February 14, 2013 (dkt. no. 9 at 1).  The Motion is therefore untimely under the Scheduling Order.  However, while Defendants note Plaintiffs' tardiness in their Opposition Brief, Defendants do not argue that adding Unified as a party will prejudice

---

[1] In accordance with Local Rule 15-1(a), Plaintiffs attached the proposed First Amended Complaint to their Motion.  (Dkt. no. 15-1.)

them because of Plaintiffs' one day delay. Moreover, after reviewing the parties' briefings and their attached documentation in support thereof, the Court determines that good cause existed for the motion to be filed past the deadline. *See* Fed. R. Civ. P. 16(3)(B)(4). The Court declines to deny Plaintiffs' Motion due to their failure to comply with the Scheduling Order.

### C.     Analysis

Plaintiffs assert that Unified, though doing business as PAB, is also a separately-registered entity from PAB. (*See* dkt. no. 15 at 2.) Plaintiffs claim that Unified owns the cargo truck that struck Plaintiffs' car in November 2010.

Defendants do not oppose Plaintiffs amending the Complaint to list Unified LTD, Corp., d/b/a Pan American Banana as a defendant. (Dkt. no. 16 at 4.) However, Defendants oppose allowing *both* Unified and PAB to proceed as Defendants, stating that the vehicle at issue was registered to Unified, and PAB is simply the company name that owns the building out of which Unified operates. (*Id.*)

Defendants inform the Court that should it grant Plaintiffs' Motion, Defendants will seek to dismiss PAB from the lawsuit as an improper party. (Dkt. no. 15 at 5.) Defendants may do so. However, even assuming *arguendo* that PAB is an improper Defendant, this is not a viable argument against Plaintiffs' Motion to Amend, which merely seeks to add a party. Further, the *Leadsinger* factors favor granting Plaintiffs' Motion, as all parties agree that Unified is a proper defendant in this case, and that Unified owns the cargo truck involved in this lawsuit. Because Defendants provide no other argument against allowing Plaintiffs to amend their complaint to add Unified as a party, the Court grants the Motion.

///

///

///

///

///

## IV.   CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Amend the Complaint (dkt. no. 15) is GRANTED.  Plaintiffs must file the First Amended Complaint (dkt. no. 15-1) as a separate docket entry.

DATED THIS 10th day of April 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE